IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| ADAN LORENZO CRUZ-FLORES,<br><br>Petitioner,<br><br><br><br><br>vs.<br><br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | MEMORANDUM DECISION AND ORDER DENYING AND DISMISSING PETITIONER'S MOTION TO VACATE OR CORRECT SENTENCE, BROUGHT PURSUANT TO 28 U.S.C. § 2255<br><br><br><br>Civil Case No. 1:05-CV-86 TS<br><br>Criminal Case No. 1:02-CR-53 TS |

Petitioner Adan Lorenzo Cruz-Flores brings a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. Petitioner is proceeding *pro se* in this matter. The Court notes that, on October 3, 2005, it ordered the government to respond in writing to the instant Motion on or before November 10, 2005.[1] However, the government has failed to file any response. The Court will render its decision without the benefit of the government's response. The Court finds that the Motion is time-barred and, further, that

---

[1] Docket No. 2 in Case No. 1:05-CV-86 TS.

Petitioner's underlying arguments lack merit and do not establish appropriate grounds upon which to justify relief under § 2255 because neither *Blakely* nor *Booker* apply to cases on collateral appeal, and contract law principles o not entitle Petitioner to the relief requested. Therefore, the Court will deny Petitioner's § 2255 Motion and close this case.

<u>BACKGROUND</u>

On July 10, 2002, Petitioner was charged in a one-count Indictment with Reentry of a Previously Removed Alien.[2]  On February 5, 2003, Petitioner pleaded guilty to the charge. Thereafter, a presentence report was prepared, and Defendant was sentenced on April 30, 2003, to a sentence of 77 months incarceration.  Judgment was entered on May 2, 2003.  Petitioner did not file a direct appeal.  The instant § 2255 Motion was filed on June 30, 2005.

<u>DISCUSSION</u>

I.      STATUTE OF LIMITATIONS

In general, a prisoner may not file a § 2255 motion more than one year after his conviction becomes final.[3]  Section 2255 states:

> A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of–
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or

---

[2] Docket No. 1 in Case No. 1:02-CR-53 TS.

[3] 28 U.S.C. § 2255.  *See also United States v. Simmonds*, 111 F.3d 737, 744 (10th Cir. 1997).

laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Petitioner's judgment of conviction was entered in the underlying criminal case on May 2, 2003. Petitioner filed this case on June 30, 2005. Even allowing for time in which Petitioner might have sought a direct appeal to the Tenth Circuit, Petitioner is far outside of the allowable time in which to pursue this action. Petitioner's explanation for why the Motion was filed outside the one-year period is that there was "to [sic] much going on transfer waiting so long to be transfer."[4]

However, even broadly construing Petitioner's Motion and considering it under subsection (3), there is no right newly recognized by the Supreme Court which has been made retroactive or applies to this collateral appeal, as is discussed below. Therefore, the Court finds that the statute serves as a time bar to this action.

---

[4] Docket No. 1 in Case No. 1:05-CV-86 TS at 12.

3

II.    *BLAKELY* ISSUES

Petitioner's primary argument centers on the recent Supreme Court cases of *Blakely v. Washington*[5] and *United States v. Booker*.[6]  Petitioner argues that the Court's findings resulting in an increase in Petitioner's sentencing guidelines offense level – based upon facts not expressly admitted by Petitioner or found by a jury beyond a reasonable doubt – were in violation of his Sixth Amendment rights.

Simply put, *Booker* does not apply to cases on collateral appeal.  However, even if the Court found that *Booker* applied to this collateral appeal, the Court would find that *Booker* is inapposite here and would not afford Petitioner the relief sought, as there was no Sixth Amendment violation in this case, and the sentence imposed was reasonable.  The Tenth Circuit has explained that "[a] new rule is not made retroactive to cases on collateral review unless the Supreme Court holds it to be retroactive."[7]  The Supreme Court in *Booker* explicitly held that it applied "to all cases on direct review."[8]

The Tenth Circuit has specifically considered this issue and ruled squarely: "we hold that *Blakely does not apply retroactively* to convictions that were already final at the time the Court decided *Blakely*, June 24, 2004."[9]   The Tenth Circuit has also held that "the rule announced in

---

[5] 540 U.S. 965 (2004).

[6] 125 S.Ct. 738 (2005).

[7] *Leonard v. United States*, 383 F.3d 1146, 1148 (10th Cir. 2004).

[8] 125 S.Ct. at 769, citing *Griffith v. Kentucky*, 479 U.S. 314, 328 (1987).

[9] *United States v. Price*, 400 F.3d 844, 849 (10th Cir. 2005) (emphasis added).

4

*Booker* is not retroactive."[10]  Because Petitioner's conviction was clearly final by June 24, 2004, the Court finds that neither *Blakely* nor *Booker* applies retroactively to this case.

Further, although time-barred, the Court notes that Petitioner's arguments that the Court "impaired and breached the contract" and that he is owed "specific performance" by the Court to be unavailing, as contract law principles do not apply in this proceeding, and do not justify the relief sought by Petitioner.

Therefore, Petitioner's suit is time-barred and the underlying claims lack merit.

<u>CONCLUSION</u>

Based upon the above, it is hereby

ORDERED that Petitioner's § 2255 Motion (Docket No. 1) is DENIED.  It is further

ORDERED that, pursuant to Rule 8(a) of the Rules Governing § 2255 Cases, an evidentiary hearing is not required.

The Clerk of Court is directed to close this case forthwith.

SO ORDERED.

DATED this 10th day of April,  2006.

BY THE COURT:

_____

TED STEWART
United States District Judge

---

[10] *United States v. Bellamy*, 1411 F.3d 1182, 1186-87 (10th Cir. 2005) ("like *Blakely*, *Booker* does not apply retroactively on collateral review.").

5